IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAR 05 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

SHAMEL BARRETT,

                Petitioner,

    -against-

JOHN BURGE,
Superintendent of Elmira Prison,

                Respondent.

---------------------------------------------------------------- X

06 CV 1915 (ARR)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION
AND ORDER

ROSS, United States District Judge:

Petitioner, proceeding pro se, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 19, 2006. On July 20, 2006, respondent filed a motion to dismiss the petition, alleging that one of petitioner's claims – that he was improperly adjudicated a second violent felony offender because his prior conviction for attempted criminal possession of a weapon in the third degree resulted from a plea to a superior court information rather than an indictment – is unexhausted and may still be raised in state court pursuant to N.Y. C.P.L. § 440.20. By opinion and order dated August 21, 2006, the court declined to reach the exhaustion issue at that time; denied respondent's motion to dismiss the petition under Rhines v. Weber, 544 U.S. 269 (2005); and appointed counsel to represent petitioner in this matter. On October 11, 2006, the court granted the request of petitioner's counsel to fully brief the exhaustion issue prior to filing submissions on the merits of petitioner's claims. Petitioner and respondent have filed supplemental papers addressing the exhaustion of state court remedies with regard to petitioner's second violent felony offender claim. For the reasons set forth below, the court determines that

1

the above-referenced claim has not been fully exhausted and grants petitioner a stay to exhaust state remedies.

## BACKGROUND

Following a jury trial in New York Supreme Court, Queens County, petitioner was convicted of six counts of robbery in the first degree and two counts of attempted robbery in the first degree. On September 8, 2003, petitioner was sentenced to concurrent prison terms of 20 years for each count of robbery in the first degree and 15 years on each count of attempted robbery in the first degree. (Sentencing Hr'g Tr. 3-4.) He was sentenced as a second violent felony offender under New York Penal Law § 70.04. (Sentencing Hr'g Tr. 3-4.) The predicate for the second violent felony offender adjudication was a conviction for attempted criminal possession of a weapon in the third degree under N.Y. Penal Law § 265.02(4), which was based on the entry of a plea of guilty to a superior court information. (See Superior Ct. Info., No. 602/98 (N.Y. Sup. Ct., Queens Co.), submitted as Pet'r Mem. in Opp'n to Resp't's Claim ("Pet'r Mem. Opp'n") Attach.)

After petitioner's direct appeal was denied, he brought three pro se collateral actions that included claims relating to his sentence as a second violent felony offender. In his first N.Y. C.P.L. § 440 motion challenging his conviction and sentence, the petitioner brought, inter alia, claims that his sentence was unconstitutional and his trial counsel was ineffective for failing to challenge his adjudication as a second violent felony offender. (See Pet'r Mot. to Vacate J. & Set Aside Sentence (Dec. 14, 2004).) The New York State Supreme Court denied petitioner's motion, ruling that his sentence was "authorized and legal" and there was no basis for an

ineffective assistance of counsel claim. Decision on Motion to Vacate J., People v. Barrett, Ind. No. 3248/01 (N.Y. Sup. Ct. Queens. Co., Feb. 18, 2006) (Buchter, J.). Petitioner did not appeal the decision and has acknowledged that his motion did not articulately raise any cognizable claims. (Pet. 6.)

In a second § 440 action, petitioner again moved, inter alia to set aside his sentence pursuant to C.P.L. § 440.20 on the ground that the court improperly determined him to be a second violent offender. The basis for petitioner's challenge to his sentence was that he was convicted under subdivision one of N.Y. Penal Law § 265.02, which, under New York law, is not considered a violent felony offense.[1] (Pet'r Mot. to Vacate J. (May 5, 2005), at 26-27 (citing People v. Maynard, 211 A.D. 2d 505, 505 (1995).) The New York State Supreme Court rejected petitioner's claims, determining them to be procedurally barred as they were apparent from the record and should have been raised on direct appeal.[2] People v. Barrett, Ind. No. 3248/01 (N.Y. Sup. Ct. Queens. Co., June 28, 2005) (Buchter, J.). By order dated September 6, 2005, the Appellate Division, Second Department, denied petitioner's application for leave to appeal. People v. Barrett, Ind. No. 3248/01 (N.Y. App. Div. 2d Dep't, Sept. 6, 2005).

---

[1] The government's response to petitioner's § 440 motion correctly pointed out that petitioner was actually convicted under subdivision four – not subdivision one – of N.Y. Penal Law § 265.02. (Opp'n to Mot. to Vacate J. & Set Aside Sentence (June 17, 2005), at 7 n.2.)

[2] As an additional basis for its opinion, the state court indicates that petitioner's papers were not sworn and notarized as required by C.P.L. § 440.30(1) and (4)(b). However, as petitioner explains in his supplemental memorandum of law filed before this court, his § 440 motion papers, dated May 5, 2005, were in fact sworn and notarized. (See Pet'r Mot. to Vacate J. (May 5, 2005), at 1, 28.) The court also notes that it appears from the state court record submitted to the court that the papers relating to petitioner's predicate felony conviction were not part of the record of the conviction at issue here.

Mr. Barrett then petitioned the Appellate Division for a writ of error coram nobis, claiming that he received ineffective assistance of appellate counsel. Among petitioner's claims, he argued that appellate counsel failed to raise the illegality of prisoner's sentence as a second violent felony offender, because offenses committed under subdivisions one, two or three of N.Y. Penal Law § 265.02 are not considered to be violent felony offenses. (Coram Nobis Pet. ¶ 10 (Sept. 22, 2005).) Barry Stendig, an attorney from the office of petitioner's appellate counsel filed an affirmation to the court in which he stated that Mr. Barrett was, in fact, improperly adjudicated a second violent felony offender, explaining that his prior conviction for attempted third degree weapon possession under §265.02(4) was not a class E violent felony offense because it was the result of a guilty plea to a superior court information. (Stendig Aff. ¶ 10 (citing People v. Dickerson, 85 N.Y.2d 870 (1995).) Mr. Stendig, however, maintained that petitioner's sentence would have been the same without the second violent felony offender designation. (See id.) The Appellate Division denied Mr. Barrett's petition on the merits. People v. Barrett, 807 N.Y.S.2d 881, 881 (N.Y. App. Div. 2d Dep't 2006). In his appeal to the New York Court of Appeals, petitioner again raised his claim that appellate counsel was ineffective for failing to challenging his sentence as a second violent felony offender. The Court of Appeals denied leave to appeal on April 21, 2006. People v. Barret, 6 N.Y.S.2d 751 (N.Y. 2006).

## DISCUSSION

Section 2254 of Title 28 of the U.S. Code provides that a petition for a writ of habeas corpus may not be granted unless it appears that "the applicant has exhausted the remedies

available in the courts of the State." In order to exhaust a claim, a petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982) (citing Wilwording v. Swenson, 404 U.S. 249 (1971)). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Id. Accordingly, the claim raised in the state courts must be the "substantial equivalent" of the claim presented on federal habeas review. Strogov v. Att'y Gen., 191 F.3d 188, 191 (2d Cir. 1999) (citing Picard v. Connor, 404 U.S. 270, 278 (1971)). The exhaustion requirement is "grounded in the principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

While each of petitioner's § 440 motions contained a claim that he was improperly sentenced as a second violent felony offender, neither articulated the ground for the claim before this court – that his prior conviction was based on a plea to the top count of a superior court information rather than an indictment – in a cognizable fashion. In petitioner's first § 440 action, he contended that one of the reasons his trial counsel was ineffective was that he failed to challenge the use of petitioner's prior conviction for the sentencing enhancement. However, the concerns petitioner identified relating to the use of the prior conviction in his sentencing do not appear to relate to the issue before the court; rather, his claims were that his plea was unlawful, it

was obtained in violation of the prohibition on double jeopardy, and that his counsel in the prior proceeding was ineffective. (See Pet'r Mot. to Vacate J. & Set Aside Sentence (Dec. 14, 2004).) Neither these allegations nor petitioner's general claim that his sentence was unconstitutionally imposed would be sufficient to provide notice to the state court of the underlying claim at issue here. In addition, because the petitioner did not appeal the Supreme Court's decision, any claims presented to the state court in that action could not be considered exhausted. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Daye, 696 F.2d at 191.

In petitioner's second § 440 action, his claim relating to the legality of his adjudication as a second violent felony offender was based on the incorrect contention that his prior conviction was based on a guilty plea to subdivision one of P.L. § 265.02. In fact, Mr. Barrett's predicate conviction was pursuant to a guilty plea to subdivision four of § 265.02, which, unlike section one, is considered to be a Class E violent felony offense so long as it is a lesser included offense as defined in Crim. Proc. § 220.20. See P.L. § 70.20. As Mr. Barrett's plea was to the top count of a superior court information, it does not appear to constitute a lesser included offense as defined by New York state law. See Crim. Proc. § 220.20; People v. Dickerson, 85 N.Y.2d 870 (1995). However, Mr. Barrett's challenge, on its face, only called the state court's attention to the issue of whether the subdivision of the Penal Law under which he was convicted correctly fell within the statutory designation of Class E violent felonies, rather than the issue of whether his conviction was to a lesser included offense. Therefore, while his general claim in state court related to the claim presently before this court, the factual and legal bases for the claim are clearly different. The court recognizes the importance of construing pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519 (1972), and notes that this is a technical legal issue that

6

would be difficult for a pro se litigant to identify. However, in this situation, the court finds that the factual error on which petitioner's state court claim was premised meant that petitioner's § 440 motion did not fairly present the claim before this court to the state court.

The claim before this court was first raised as an issue in the state courts in petitioner's coram nobis action. In that proceeding, as noted above, an affidavit filed by Barry Stendig on behalf of petitioner's appellate counsel clearly expressed the apparent flaw in petitioner's adjudication as a second violent felony offender. In petitioner's reply papers, he appears to have adopted this argument, explaining that appellate counsel was ineffective for failing to challenge his sentence and, among the problems petitioner identified with his sentence, contending that he was improperly sentenced as a second violent felony offender based on a conviction pursuant to a guilty plea to a superior court information. While petitioner, apparently erroneously, argued that the problem with the plea was that he had not waived his right to indictment by the grand jury, he also cited a state law case relevant to his claim before this court. (Reply Aff. to Resp't's Opp'n to Pet. for Writ of Error Coram Nobis, at 9 (citing People v. Williams, 289 A.D.2d 117 (App. Div., 2d Dep't 2001) (vacating a second violent felony offender adjudication on the ground that a plea to attempted criminal possession of a weapon in the third degree, as the top count of a superior court information cannot serve as a predicate for a conviction as a second violent felony offender).) However, a petition for a writ of error coram nobis does not exhaust the underlying claims advanced to support the claim of ineffective assistance of appellate counsel. Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001).

Petitioner argues that he was not able to effectively articulate his claim in state court because, despite his requests, he was not able to obtain the plea and sentencing transcripts related

7

to his prior convictions and his request for a hearing on the legality of his sentence was denied by the state court. However, while the court sympathizes with the difficulty that a pro se plaintiff faces in establishing a viable claim without the necessary factual support, petitioner has not shown that he sufficiently alerted the state courts to the need for the records and a hearing in a manner that would call attention to the claim at issue here. Although the transcripts or a hearing may have assisted petitioner in clarifying the potential defect in his sentence, the fact that neither were made available to him is insufficient to exhaust that claim.

Petitioner further contends that representations by the District Attorney in the state proceedings undermined the ability of the state courts to correctly decide the issues raised by petitioner. In particular, the petitioner critiques (1) the District Attorney's representations in the state court proceedings that Mr. Barrett's sentence was authorized and legal, and (2) the argument made by the District Attorney in petitioner's second § 440 action that petitioner's claim related to his adjudication as a second violent felony offender had already been raised and adjudicated in his first § 440 action and therefore was procedurally barred. Accordingly, petitioner argues, the respondent advocated for an expansive view on whether petitioner had raised the issue in a previous action when it was in its interest to do so, while, in the present proceeding, the state is advocating for a more restrictive notion of whether the issue has been presented to the state court.

The court notes that, in the habeas action before the court, the respondent appears to have conceded that, if the facts surrounding Mr. Barrett's sentence are as they appear to be, his sentence was illegal. Referring to petitioner's claim that he was improperly adjudicated a second violent felony offender based on a predicate conviction for attempted criminal possession of a

weapon in the third degree based on a plea to a superior court information, respondent acknowledges that "petitioner's contention, if true, would render his sentence illegal." (Resp't's Mem. of Law in Supp. of Mot. to Dismiss Habeas Corpus Pet. 13-14.) While respondent did not take such a position in the state court proceedings, this is consistent with respondent's contention – and the court's finding – that petitioner has not yet presented this claim in a cognizable manner in state court. On the basis of this contention, respondent asserts that, should petitioner bring a new § 440.20 motion in state court, such a motion would be "highly likely to succeed and would give the state court an opportunity to apply the appropriate legal principles to petitioner's claim and to re-sentence petitioner, as a second felony offender, in accordance with the law." (Resp't's Supp. Mem. of Law 17.)

In light of the respondent's recognition of the apparent flaw in petitioner's sentence and the importance of enabling the state court to properly review petitioner's claim, the court views with some concern respondent's earlier position in state court that petitioner's challenge to his sentence in his first § 440 petition meant that his subsequent challenge to his adjudication as a second violent felony offender was barred because the claim had previously been raised. The court observes that this position appears quite different from the position taken by respondent in this proceeding, in which respondent contended that neither of the petitioner's two § 440 actions challenging petitioner's sentence were sufficient to exhaust the claim presently before the court. While the state court standards for determining whether a claim has been raised in a previous proceeding differ from the federal court standards for deciding whether a claim was fairly presented to a state court, respondent's positions appear to be divergent. Nevertheless, because the court has found that petitioner did not raise the claim before this court in his second § 440

motion, and therefore the factual basis for respondent's argument was different, these apparently varying positions do not affect the court's opinion that the claim is unexhausted.

At the same time, however, the court notes that, while taking the position that a motion pursuant to N.Y. § 440.20 "is the appropriate vehicle for petitioner to raise this claim in state court," respondent also reserved its right to assert procedural defenses to such a claim if raised in state court. (See Resp't's Mem. of Law in Supp. of Mot. to Dismiss Habeas Corpus Pet. 14 & 14 n.3.) The court observes that, in this case, respondent contended that:

> [P]etitioner's claim that he was improperly adjudicated a second violent felony offender because his prior conviction for attempted third degree possession of a weapon was the result of a plea to a superior court information rather than an indictment is clearly unexhausted because he never raised such a claim in any state court. While petitioner did challenge the legality of his sentence in both his December 14, 2004 and May 5, 2005 motions to vacate judgment and set aside sentence, he did so on entirely different grounds than that raised in his habeas petition.

(Resp't's Supp. Mem. of Law 13.) It is the court's view that, having taken this position in order to persuade the court to grant a stay to petitioner to exhaust his state court remedies rather than deciding the petition on the merits, respondent is barred from taking a contrary position in subsequent state court proceedings. It is the court's understanding that New York courts, like federal courts, recognize the equitable doctrine of judicial estoppel. According to the Appellate Division, Second Department, the doctrine of judicial estoppel "precludes a party from framing his pleadings in a manner inconsistent with a position taken in a prior judicial proceeding," Kimco v. Devon, 163 A.D.2d 573, 575 (N.Y. App. Div, 2d Dep't 1990), and shall be applied "where a party to an action has secured a judgment in his or her favor by adopting a certain position and then has sought to assume a contrary position in another action simply because his interests have changed." Id. at 575 (internal citations and quotation marks omitted). Like federal

courts, New York state courts take the position that the "judicial system cannot tolerate this 'playing fast and loose with the courts.'" Id. at 575.

With this understanding, the court adopts respondent's position that New York courts have not been afforded a fair and adequate opportunity to hear petitioner's claim that he was improperly adjudicated a second violent felony offender because the predicate felony conviction was based on a conviction for attempted third degree criminal possession of a weapon based on a plea to the top count of a superior court information. Therefore, this claim is unexhausted.

In the past, federal habeas courts were required to dismiss petitions containing unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982). But, since the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas courts enjoy greater discretion. See 28 U.S.C. § 2254(b)(1) and (2). The court's opinion of August 21, 2006 held that, should the court find that petitioner's claim has not yet been exhausted, Mr. Barrett's petition is a mixed petition that should appropriately be stayed to allow for exhaustion of state law remedies rather than dismissed. The court determined that, should the instant claim be considered unexhausted, that petitioner had demonstrated good cause for his failure to exhaust state remedies, his unexhausted claim is potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics, and therefore the court should exercise its discretion to stay the petition pursuant to Rhines v. Weber, 544 U.S. 269. Accordingly, in the interests of comity, the court hereby stays petitioner's petition pending exhaustion. See Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001). Furthermore, to avoid "excessive delays in . . . returning to federal court after exhaustion," the court conditions the stay

11

of the petitioner's claims on his returning to federal court within 30 days of the completion of the state proceedings. Id.

## **CONCLUSION**

For the foregoing reasons, the court stays the petition pending exhaustion and directs the petitioner to return to federal court to proceed with his petition for a writ of habeas corpus within 30 days of exhausting his claims; petitioner is advised he may be barred from proceeding in this court if, having been denied relief in state court, he delays in seeking to re-open these proceedings.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: March 5, 2007
      Brooklyn, New York

**Service List:**

***Petitioner's Attorney***
Jane Simkin Smith
P.O. Box 1277
Millbrook, NY 12545

***Respondent's Attorney***
Merri Turk Lasky
Queens County District Attorney
125-01 Queens Boulevard
Kew Gardens, NY 11415